UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| CIRCLE INVESTORS, | § | CASE NO. 04-34514-H1-7 |
| COMSTAR MORTGAGE CORPORATION | § | CASE NO. 04-34515-H1-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERSTATE INVESTMENT CORP., | § | CASE NO. 04-34517-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD. | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS HOLDINGS, INC. | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS FINAN. HOLDINGS CORP., | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER, LTD., | § | CASE NO. 04-34526-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| ORBOST, LTD., | § | CASE NO. 04-34529-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ENRIQUE PIMIENTA, | § | CASE NO. 05-30565-H5-7 |
| | § | |
| DEBTOR | § | |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ARTURO PIMIENTA, | § | CASE NO. 04-36227-H1-11 |
| | § | |
| DEBTOR | § | |

**EMERGENCY JOINT MOTION FOR**
**CLARIFICATION AND ORDER OF RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YO.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YO.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROGH THEIR ATTORNEY.**

**IN THIS CASE EMERGENCY CONSIDERATION HAS BEEN REQUESTED. THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

COME NOW ENRIQUE PIMIENTA, ARTURO PIMIENTA and HUGO PIMIENTA (collectively referred to as "the three individuals"), and W. STEVE SMITH, TRUSTEE and HOWARD EHRENBERG, TRUSTEE, (collectively referred to as "the Trustees"), and move this Honorable Court for Clarification and confirmation of these three individuals' discharges in their bankrupcy proceedings along with the resolution of all 11 U.S.C. §§ 523 and 727 claims and causes of actions against them, and for an Order of Relief instructing John B. Jacuzzi, Sr. (John B. Jacuzzi Rainieri), Margarita Jacuzzi (Margarita Andersen Sanudo), John B. Jacuzzi, Jr. (John B. Jacuzzi Andersen), Patricia Jacuzzi (Patricia Jan Jacuzzi Andersen), and James Jacuzzi (James Jacuzzi Andersen) (collectively referred to as "the Jacuzzi Family") to dismiss their Mexican fraud complaint and resulting warrants against two of the three individuals, which fraud complaint and warrants were filed with the Attorney General in Mexico City on May 10, 2002.  John B. Jacuzzi, Sr. has held himself out in the complaint as the Trustee for the Jacuzzi Family.

In support of this Motion, Movants will show the Court the following:

1.	A fraud complaint was initially filed by John B. Jacuzzi on May 10, 2002, with the Mexican Attorney General in Mexico City, Mexico against these three individuals. A criminal investigation was opened under Case No. 175/03-III. The complaint is a simple fraud complaint, with the same proof required as a common law fraud case in the United States. Fraud pursuant to Mexican law is described as an "action committed by an individual misleading or taking advantage of someone while taking over possession of a thing, or for monetary benefit." *Article 385, Nuevo Leon, Mexico State Penal Code; Article 386, United States of Mexico Federal Penal Code.*

2.	In the complaint Mr. Jacuzzi claims that these three individuals, along with Peter Ulrich and Rodolfo Garcia, misled and induced the Jacuzzi Family into investing $9,068,037.36 in Interamericas Holdings, Inc. (Bankruptcy Case No. 04-34521-H1-7, jointly administered herein), while these three individuals represented themselves as officers of Interamericas. The criminal investigation of the fraud complaint was completed on July 10, 2003, by indicting Enrique Pimienta, Hugo Pimienta, Peter Ulrich and Rodolfo Garcia. Warrants for their arrest were issued.

3.	During the criminal investigation, James Jacuzzi, John B. Jacuzzi, Jr., Margarita Jacuzzi and Patricia Jacuzzi all provided affidavits supporting Mr. Jacuzzi's complaint that they, as the Jacuzzi Family, were all victims of the fraud.

4.	The emergency surrounding this motion involves the fact that Hugo Pimienta has been detained by the Mexican authorities in jail in Monterrey, Mexico since April 17, 2008. Before his jail detention, and before he was even allowed to see a Mexican Judge, while Mr. Pimienta was being transported by the Mexican authorities from Tijuana to Monterrey, John B. Jacuzzi, Sr. arranged to meet with Hugo Pimienta privately at the Monterrey, Nuevo Leon, airport, upon Mr. Pimienta's arrival with the authorities, and demanded that he pay him 50,000,000 Euros to avoid going to jail. Mr. Pimienta does not have 50,000,000 Euros, and is now residing in jail with a sex offender and a first degree murderer. On May 30, 2008, James Jacuzzi visited Mr. Pimienta in the Mexican jail and demanded $50,000,000 USD, and told Hugo Pimienta that if he did not pay that amount, that he would be killed. James Jacuzzi further stated that there were offers from several people to pay for his execution, and willing takers within the jail facility to carry out the "accidental death while in jail." Mr. Pimienta now fears for his life.

5.	The Jacuzzi Family had Mr. Rodolfo Garcia incarcerated in Guatemala for 2-1/2 years under the same complaint. Ultimately the arrest of Mr. Garcia was determined to be invalid.

6. The Jacuzzi Family has participated in all three individuals' bankruptcy proceedings. In the Hugo Pimienta bankruptcy proceeding, on January 4, 2006, the Jacuzzi Family received an agreed non-dischargeable judgment against Hugo Pimienta in the amount of $9,068,037.36 plus post-judgment interest on their 11 U.S.C. §§ 523 and 727 claims and in that judgment, which is attached hereto as Exhibit "A", the Jacuzzi Family assigned all rights they had to bring a non-dischargeability action under 11 U.S.C. § 727 action against Hugo Pimienta to his Chapter 7 Trustee, Howard Ehrenberg. All claims of the Jacuzzi Family against Hugo Pimienta were settled and approved by the Honorable Marvin Isgur by Order dated July 25, 2006 (Docket #474), and the Honorable Ernest M. Robles on November 8, 2006. Hugo Pimienta received his Order of Discharge on March 9, 2007, which is attached hereto as Exhibit "B". Accordingly, the Mexican fraud complaint has been superceded by these Courts' orders.

7. It will be shown that the Jacuzzi Family has no standing to pursue the Mexican claims. The claims held by the Jacuzzi Family against Hugo Pimienta were settled with any balance being transferred to Mr. Pimienta's Chapter 7 Ttrustee. The claims held by the Trustees were settled and approved by both Bankruptcy Courts. The Jacuzzi Family must be ordered to withdraw their Mexican complaint and arrange to have Mr. Pimienta released from jail immediately.

8. The Jacuzzi Family has abused the Mexican legal system with their promises of releasing Hugo Pimienta from jail once he pays either $50,000,000 USD or 50,000,000 Euros. They control Hugo Pimienta's destiny with their power. Because of their power, they have created a "debtors' prison" in Monterrey, Mexico. If Mr. Pimienta could fully satisfy their monetary demands today, Mr. Jacuzzi would have the ability to have Mr. Pimenta released from jail. Further, as another example of their right and power, if Mr. Pimienta is sentenced to ten (10) years jail time for the alleged fraud committed against the Jacuzzi Family, and the day after sentencing, he fully satisfies their monetary demands, the Jacuzzi Family has the right and capability to have Mr. Pimienta pardoned and immediately released from the Mexican jail. Mr. Pimienta does not have sufficient funds to satisfy the Jacuzzi Family black-mail threats and buy his way out of jail. Accordingly, his only relief is that this Motion be granted by the Court, ordering the Jacuzzi Family to withdraw the fraud claims filed in Mexico as they have been previously resolved in this Court, and the Jacuzzi Family be ordered to obtain his release form jail.

9. In addition, with the absence of standing to continue to pursue this pseudo criminal proceeding, the bases of which were settled by and/or no longer belong to the Jacuzzi

4

Family, the conduct of the Jacuzzi Family is a violation of 18 U.S.C. § 152(6), and to the extent the Jacuzzi Family seeks payment from concealed property of the estate, §§ (1) and (5) and 18 U.S.C. § 3284 control.

10. Enrique Pimienta received his Chapter 7 Order of Discharge on February 9, 2007, in Bankruptcy Case No. 05-30565. The Jacuzzi family did not file a proof of claim in his bankruptcy proceeding, nor did they file a § 727 action although the Jacuzzi Family was noticed and well aware of this bankruptcy. Their claim has been discharged. Accordingly, the Mexican fraud complaint and the warrant issued against Mr. Pimienta have no merit, and the Jacuzzi Family must be ordered to dismiss the fraud complaint with prejudice, and to dismiss the warrant.

11. Arturo Pimienta's Chapter 11 Bankruptcy Case No. 04-36227 was successfully completed by the entry of this Court's Confirmation Order on July 25, 2006, confirming Mr. Pimienta's Seventh Amended Plan of Reorganization. The Jacuzzi Family filed a claim in this bankruptcy proceeding for $9,068,037.36, and the claim, after objection, was denied by this Court. No § 727 action was filed in this case, and based on the substantial consummation of the Seventh Amendment Plan of Reorganization, Arturo Pimienta has received his discharge. Accordingly, the Mexican fraud complaint against Arturo Pimienta has no merit, and the Jacuzzi Family must be ordered to dismiss the fraud complaint with prejudice.

12. The Jacuzzi Family also filed a proof of claim in the jointly administered IFS cases on September 25, 2003 and an amended claim on July 6, 2006 in the amount of $9,068,037.36. These proofs of claim include all of the same fraud allegations. Further John B. Jacuzzi recently filed a response to certain objections to his claim brought by Blitz.

13. In the settlement agreement approved by this Court on July 25, 2006, Hugo Pimienta is to cooperate with the Trustees in their pursuit of recoverable assets. Enrique Pimienta and Arturo Pimienta are voluntarily assisting the Trustees in this same endeavor. It is imperative to the success of the Trustees' prosecution of the remaining adversaries that Hugo Pimienta be released from the Mexican jail immediately, and that the threat of arrest and incarceration for fraud actions brought against these three individuals by the Jacuzzi Family, or any other IFS-related investor in a similar position as the Jacuzzi Family be removed for all three individuals, since all § 523 and § 727 claims and causes of action have been fully adjudicated.

WHEREFORE, premises considered, these three individuals, along with the Trustees, respectfully move this Honorable Court to grant the relief requested herein.  These Movants pray for general relief.

Respectfully submitted,

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (facsimile)
Margaret@mmmcclurelaw.com

ATTORNEY FOR ENRIQUE PIMIENTA,
ARTURO PIMIENTA AND HUGO PIMIENTA

MCFALL BREITBEIL AND SHULTS, P.C.

     /s/ W. Steve Smith
By_____
W. Steve Smith
State Bar No. 18700000
BLANCHE D. SMITH
State Bar No. 00783991
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (facsimile)

ATTORNEYS FOR W. STEVE SMITH,
  TRUSTEE

ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation


      /s/ Irv M. Gross
By_____
1888 Century Park East, S-1500
Los Angeles, CA 90067
(310) 277-7400
(310) 277-7584 (facsimile)

ATTORNEYS FOR HOWARD EHRENBERG,
  TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed either electronically or by U.S. mail, or registered mail, if out of the United States, to the parties in interest as set out on the attached matrix, this 9th day of June, 2008.

/s/ Margaret M. McClure
_____
MARGARET M. MCCLURE